MEMORANDUM DECISION
Wayne A. Kelso was indicted in June of 1988 on charges of robbery, aggravated robbery, kidnapping and rape. In 1989, he entered a guilty plea to the rape charge and the other charges were dismissed. He was sentenced to a term of eight to twenty-five years of imprisonment. He is still serving his sentence for that charge.
After Ohio enacted its sexual predator laws, Mr. Kelso was scheduled for a hearing to determine whether he was or was not a sexual predator. A judge different than the judge who accepted the guilty plea conducted an evidentiary hearing and, at the conclusion of the hearing, found Mr. Kelso to be a sexual predator.
Mr. Kelso has pursued a direct appeal of the trial court's sexual predator finding, assigning a single error for our consideration:
 The evidence before the court was legally insufficient to establish that appellant was a sexual predator, subject to the lifetime registration and community notification provisions of Chapter 2950 of the Ohio Revised Code.
At the hearing, the state of Ohio submitted four sets of documents for the court's consideration. The first set of documents consisted of the sentencing entry on the rape charge, the guilty plea form on that charge and the indictment. The second set of documents consisted of a guilty plea form for an earlier charge of attempted robbery and a sentencing entry for that charge. The third set of documents consisted of a guilty plea and a sentencing entry for aggravated robbery, dating from 1981. The last set of documents was a post-sentence investigation for the rape case.
The statement of facts of the rape case indicate that Mr. Kelso met the rape victim at a bar in north Columbus. When introduced, he gave a false name. He later lured the rape victim and her female friend to an after-hours bar in south Columbus. While they were there, someone stole the victim's wallet. Mr. Kelso and a friend of his claimed they knew where to go to retrieve the wallet. During the drive to attempt to retrieve the wallet, Mr. Kelso directed the vehicle to a public park. Once they were in the park, Mr. Kelso began making sexual advances. When the victim resisted, he struck her several times in the face. He then pulled a gun and pointed it at the victim's head.
Next, the victim's friend tried to flee from the car and was stopped at gun point. The victim also got out and ran, but was grabbed by Mr. Kelso who knocked her down, and ripped her blouse off. She was dragged through the gravel of the parking lot, skinning her knees. Her undergarments were torn off and Mr. Kelso raped her.
At the same time, the victim's friend was restrained at gun point and forced to fondle herself while the rape was occurring. The friend was able to escape. When Mr. Kelso gave chase, the rape victim was also able to flee.
After the women got away, Mr. Kelso took the rape victim's car and abandoned it on the east side of Columbus where it was recovered.
After he was arrested, Mr. Kelso refused to discuss the charges, including when an interview was requested for the post-sentence investigation.
Since being in prison, Mr. Kelso has sought no help or treatment for the problems which led to his sexual assault. At the sexual predator hearing, he initially acknowledged raping the victim, but then began to claim that he entered a guilty plea because his lawyer said it was in Mr. Kelso's best interest to enter the plea. Mr. Kelso claimed that "it was a theory of her wanting to have sex, and then we did." (Tr. 13.)
Mr. Kelso's testimony at the sexual predator hearing shows that he is a serious danger of committing another sexual assault. He has sought no treatment for his problem and has convinced himself that he raped his victim at gunpoint because (in his mind) she wanted to have sex with him.
We are not presented with a fact situation where all the trial court could know is what happened at the time of the rape over ten years ago. If the trial court had only had information about the rape many years ago, the record might be insufficient to establish by clear and convincing evidence that Mr. Kelso presented a risk of re-offending. However, Mr. Kelso showed by his own testimony that he is likely to re-offend if he has a few drinks and somehow convinces himself that his potential victim finds him attractive.
The trial court reached the correct conclusion in finding Mr. Kelso to be a sexual predator.
The sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
PETREE, J., concurs.
DESHLER, J., dissents.